UNITED STATES DISTRICT COURT
DISTRICT OF OREGON

LORI LEMATTA,

Plaintiff,

v.

CAROLYN W. COLVIN, Acting Commissioner of Social Security,

Defendant.

Case No. 3:14-CV-02065-AA

OPINION AND ORDER

---

George J. Wall
Law Offices of George J. Wall
1336 E Burnside Street, Suite 130
Portland, OR 97214
Attorney for plaintiff

Janice E. Hebert
Assistant United States Attorney
1000 SW Third Avenue, Suite 600
Portland, OR 97204-2902

Courtney Garcia
Office of the General Counsel
Social Security Administration
701 Fifth Avenue, Suite 2900 M/S 221A
Seattle, WA 98104-7075
Attorneys for defendant

AIKEN, Judge:

Plaintiff brings this action pursuant to the Social Security Act (Act), 42 U.S.C. § 405(g), seeking judicial review of a final decision of the Commissioner of Social Security (Commissioner) denying plaintiff's application for Disability Insurance Benefits (DIB). For the reasons set forth below, the Commissioner's decision is affirmed.

## BACKGROUND

On October 27, 2011, plaintiff Lori Lematta filed an application for DIB under Title II of the Act, alleging disability beginning April 1, 2010. Tr. 20. Her application was denied initially and on reconsideration. *Id.* On July 2, 2013, plaintiff, represented by counsel, and a vocational expert (VE) appeared and testified before an Administrative Law Judge (ALJ). *Id.* On July 18, 2013, the ALJ issued a decision finding plaintiff not disabled within the meaning of the Act. Tr. 17-36. The Appeals Council denied plaintiff's request for review, rendering the ALJ's decision as the final decision of the Commissioner. Tr. 20. Plaintiff now seeks judicial review. This Court has jurisdiction under 42 U.S.C. § 405(g).

## STANDARD OF REVIEW

This Court shall affirm the Commissioner's decision if the decision is based on proper legal standards and the legal findings are supported by substantial evidence in the record. 42 U.S.C. § 405 (g); *Batson v. Comm'r*, 359 F.3d 1190, 1193 (9th Cir. 2004). Substantial evidence is "more than a mere scintilla but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Mayes v. Massanari*, 276 F.3d 453, 459 (9th Cir. 2001) (quoting *Sandgathe v. Chafer*, 108 F.3d 978, 980 (9th Cir. 1997)). The ALJ's findings will be upheld if supported by inferences reasonably drawn from the record; if evidence exists to support more than one rational interpretation, the court must defer to the

Commissioner's decision. *Batson*, 359 F.3d at 1193; *Aukland v. Massanari*, 257 F.3d 1033, 1034-35 (9th Cir. 2000). Furthermore, "[a] decision of the ALJ will not be reversed for errors that are harmless." *Stout v. Comm'r*, 454 F.3d 1050, 1054 (9th Cir. 2006) (citing *Burch v. Barnhart,* 400 F.3d 676, 679 (9th Cir. 2005).

COMMISSIONER'S DECISION

The Commissioner evaluated plaintiff's allegation of disability pursuant to the required five-step sequential evaluation process for determining whether a claimant is disabled. *See* 20 C.F.R. § 404.1520(a)-(f).

At step one, the ALJ found that plaintiff had not engaged in "substantial gainful activity" since April 1, 2010, although she worked after such date. Tr. 22, Tr. 171. At step two, the ALJ found that plaintiff has severe impairments of alcohol dependence, depression, mild lumbago, and anxiety. Tr. 22; 20 C.F.R. § 404.1520(c). At step three, the ALJ found that plaintiff's impairments, either singly or in combination, did not meet or equal the severity of one of the listed impairments, which are "considered severe enough to prevent a person from doing any gainful activity." Tr. 24-26; 20 C.F.R. § 404.1525(a).

At step four, the ALJ found that plaintiff retained the residual functional capacity (RFC) to perform light work with additional limitations; plaintiff can perform "simple repetitive tasks at a SVP 2 level or less." Tr. 26, 64. The ALJ also found that plaintiff could have occasional public contact and must avoid concentrated exposure to workplace hazards. *Id.* Based on these findings, the ALJ found that plaintiff could not perform her past relevant work. Tr. 33-34, 64; 20 C.F.R. § 404.1565.

If the ALJ finds the claimant unable to perform past relevant work, the inquiry proceeds to step five, where the burden of proof shifts to the Commissioner to demonstrate that the

claimant is able to perform work that exists in the national economy after taking into consideration the claimant's RFC, age, education, and work experience. *Bowen v. Yuckert*, 482 U.S. 137, 141-42 (1987); 20 C.F.R. § 404.1520(f). After taking VE testimony and considering plaintiff's RFC, age, education, and work experience, the ALJ found that plaintiff could perform jobs that exist in significant numbers in the national economy, such as mailroom clerk, office helper, and production assembler. Tr. 30-31, 34-35, 64. Accordingly, the ALJ found plaintiff not disabled within the meaning of the Act. Tr. 35.

## DISCUSSION

Plaintiff asserts that the Commissioner's decision should be reversed and remanded for the award of benefits. Pl.'s Br. 12. Plaintiff argues that the ALJ improperly rejected (1) the plaintiff's own testimony; (2) the opinion of plaintiff's treating physician, Meg Devoe, MD; and (3) the opinion of treating mental health professional, Alana Kaufman.

### I. Credibility Determination

Plaintiff argues first that the ALJ failed to provide clear and convincing reasons in rejecting her testimony as not credible. Pl.'s Br. 9-12. The ALJ must consider a claimant's symptom testimony, including statements regarding a claimant's pain and workplace limitations. 20 C.F.R. § 404.1529. The ALJ is responsible for determining the credibility of such statements. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). The Commissioner's reasons for rejecting the claimant's subjective testimony must be clear and convincing, and the ALJ must identify what testimony is not credible and what evidence undermines the claimant's complaints. *Burch v. Barnhart*, 400 F.3d 676, 680 (9th Cir. 2005); *Reddick v. Chafer*, 157 F.3d 715, 722 (9th Cir. 1998). The evidence upon which the ALI relies must be substantial. *Reddick*, 157 F.3d at 724; *see also Holohan v. Massinari*, 246 F.3d 1195, 1208 (9th Cir. 2001). "Clear and convincing

reasons that the ALJ may consider in making its determination include conflicting medical evidence, effective medical treatment, medical noncompliance, inconsistencies either in the claimant's testimony or between [her] testimony and [her] conduct, daily activities inconsistent with the alleged symptoms...and testimony from physicians and third parties about the nature, severity and effect of the symptoms complained of." *Tommasetti v. Astrue*, 533 F.3d 1035, 1040 (9th Cir. 2008); *Lingenfelter v. Astrue*, 504 F. 3d 1028, 1040 (9th Cir. 2007); *Light v. Social Sec. Admin.*, 119 F.3d 789,792 (9th Cir. 1997).

Plaintiff maintains that her testimony should be accepted as true, rendering her disabled under the Act. Plaintiff testified that she cannot work because sometimes she is awake for days at a time, and other times she cannot get out of bed. Tr. 49. She further alleged back problems, lack of focus, and confusion as impediments to working. Tr. 22-25, 27-30, 49. Additionally, plaintiff testified that she was consuming a significant amount of alcohol during the time she worked as a cashier. Tr. 26, 47-48. Plaintiff also testified that she collected unemployment insurance. Tr. 32, 50-52. Plaintiff testified that she was prescribed appropriate medications for her back and psychotropic drugs, to improve and stabilize her mood. Tr. 27-32, 59.

The ALJ found plaintiff's medically determinable impairments could reasonably be expected to cause some of the alleged symptoms, but found plaintiff's statements concerning the intensity persistence and limiting effect of these symptoms were not entirely credible. Tr. 26-27. The ALJ explained that (1) plaintiff's daily activities undermined her alleged disabling symptoms and limitations and contradicted the objective medical evidence; (2) plaintiff showed improvement with conservative, routine treatment; and (3) plaintiff stopped work for reasons other than her impairments. Tr. 31-33, 73.

Here, as the ALJ noted that plaintiff's described daily activities undermined her alleged disabling symptoms and limitations and contradicted the objective medical evidence. Plaintiff lived alone during much of the adjudicatory period and had no difficulty maintaining her household. Tr. 25-29, 53, 208-215. Plaintiff rode public transportation, managed her finances, and generally did not have problems getting along with people. Tr. 25, 208-213. Plaintiff routinely walked thirty blocks per day, did yoga, and wanted to exercise more. Tr. 29, 445. Plaintiff also attended classes and appointments, and went to ten groups or classes per week and did community service for pay. Tr. 32, 445. These activities contradict plaintiff's allegations that she could only walk five blocks and could not pay attention for more than thirty minutes. Tr. 213.

Moreover, the ALJ found that the record showed that plaintiff improved with conservative, routine treatment. Plaintiff was recommended appropriate medication for her back. Tr. 32, 54-55. Celexa and Abilify stabilized and improved her moods. Tr. 27-28, 32, 59. Plaintiff was prescribed Lamotrigine for her mood disorder, but she chose not take it. Tr. 28, 498. Additionally, plaintiff responded well to alcohol detoxification, thyroid evaluation, and sleep support, reporting effectiveness in the treatment. Tr. 28, 267-268. After nearly one month of sobriety, plaintiff was engaged, happy and talked about getting a job, and doctors found no functional impairments. Tr. 27-31, 580-581.

Finally, the record supports the ALJ's finding that plaintiff stopped work for reasons other than her alleged impairments. Tr. 26-33, 292. Plaintiff lost her job at Dollar Tree after she reported very high blood alcohol levels. Tr. 33, 49-52. Plaintiff acknowledge in April 2011 that her lay off was "probably related to her drinking." Tr. 27, 292. Moreover, as the ALJ noted, plaintiff also collected unemployment insurance, which would require plaintiff to have certified

that she is capable of work and that she was actively seeking employment. Tr. 32, 50-52, 173-175. Therefore, the ALJ reasoned that plaintiff claimed her impairments preclude her from work, but at the same time told another government agency that she was capable of performing work, which is contrary to her claimed impairments. *Id.*

When evidence exists to support more than one rational interpretation, the court must defer to the Commissioner's decision. *Batson*, 359 F.3d at 1193. Because the evidence supports more than one rational interpretation of plaintiff's allegations, this Court must defer to the Commissioner's decision. Accordingly, I find that the record supports the ALJ's finding that plaintiff's testimony is not credible.

II. Opinion of Treating Physician, Meg Devoe, MD

Plaintiff maintains also that the ALJ improperly rejected the opinion of her treating physician, Dr. Devoe and instead relied on the opinions of non-examining agency physicians. Disability opinions are reserved for the Commissioner. 20 C.F.R. §§ 404.1527(e)(1); 416.927(e)(1). The ALJ may, though, rely on the medical opinion of a non-treating doctor instead of the contrary opinion of a treating doctor only if the ALJ provides "specific and legitimate" reasons supported by substantial evidence in the record. *Holohan,* F.3d at 1202; *Lester v. Chater*, 81 P.3d 821, 830 (9th Cir. 1995). Specific and legitimate reasons for rejecting a medical opinion include reliance on a claimant's discredited subjective complaints or inconsistency with medical records or a claimant's daily activities. *Tommasetti*, 533 F.3d at 1040; *see, e.g.*, *Turner v. Comm'r of Soc. Sec.*, 613 F.3d 1217, 1223 (9th Cir. 2010). Additionally, the ALJ is not required to accept a physician's opinion that is brief, conclusory, or inadequately supported by clinical findings. *Bayliss v. Barnhart*, 427 F.3d 1211, 1216 (9th Cir. 2005); *Crane v. Shalala*, 76 F.3d 251, 253 (9th Cir. 1996). Lastly, the opinions of non-treating

or non-examining physicians may serve as substantial evidence when the opinions are consistent with independent clinical findings or other evidence in the record. *Morgan v. Comm'r*, 169 F.3d 595, 600 (9th Cir. 1999).

Dr. Devoe opined that plaintiff frequently presented as anxious and fatigued. Tr. 30, 1087. She also opined that plaintiff would likely miss two or more days of work per month, would have difficulty concentrating, be easily distracted, and maintain pace for only four hours in an eight-hour day. *Id.* Dr. Devoe stated that plaintiff struggled with alcohol abuse, her relapses seemed "precipitated by her other mental health conditions," and that "it is more than likely that her mental health conditions would remain disabling in the absence of alcohol abuse." *Id.*

The ALJ afforded Dr. Devoe's opinion little weight. Tr. 30. The ALJ found that Dr. Devoe's opinion was not supported by objective medical evidence, plaintiff's activities of daily living, or plaintiff's work activity. Tr. 30, 53, 208-215, 1087. Instead, the ALJ accepted the opinions of state agency psychological consultants who extensively reviewed plaintiff's records and determined that she was able to understand, remember, and carry out short instructions, and also that plaintiff was able to maintain attention and concentration for short instructions. Tr. 30, 86. Further, the agency psychologists determined that plaintiff should not closely engage the public on a frequent basis, but she could otherwise get along on a casual basis. Tr. 32, 87.

The ALJ found that plaintiff's daily activities were not limited to an extent consistent with her claimed disabling symptoms and limitations. Tr. 32; 86-88. The ALJ also noted that plaintiff collected unemployment insurance. Tr. 32, 50-52, 173-175.

Here, I find no error in the ALJ's evaluation of Dr. Devoe's opinion. As the ALJ noted, the record shows that plaintiff showed merely mild physical and mental issues in the absence of alcohol abuse, including normal mental status examinations. Tr. 27-31, 291-292, 288-289, 299-

300. Further, Dr. Devoe's opinion was conclusory and provided very little explanation of the evidence relied on in forming her opinion. Tr. 30, 1087. As noted by the ALJ, Dr. Devoe relied almost entirely on, and took as truth, plaintiff's subjective complaints, even where plaintiff showed improvement during periods of maintained sobriety and treatment, and where she reported activities contrary to her alleged limitations Tr. 27-31, 422, 445, 581.

Additionally, the ALJ did not err in finding that Dr. Devoe's opinion was inconsistent with plaintiff's reported activities. Tr. 30, 208-215. Plaintiff lived alone in an apartment, engaged in personal care independently, prepared meals, cared for pets, cleaned, shopped, and went out daily. Tr. 25, 53, 208-215. Plaintiff consistently went to ten groups or classes per week and did community service for pay. Tr. 32, 53. After the alleged onset date, plaintiff also engaged in work activity, which is inconsistent with Dr. Devoe's opinion that plaintiff could not sustain work. Tr. 30, 208-215, 1087. Moreover, as the ALJ noted, plaintiff collected unemployment insurance, where plaintiff must have certified she is capable of work and actively seeking employment in order to receive unemployment compensation, which is also contrary to Dr. Devoe's opinion. Tr. 32, 50-52, 173-175.

If evidence exists to support more than one rational interpretation, the court must defer to the Commissioner's decision. *Batson*, 359 F.3d at 1193. Accordingly, this Court defers to the Commissioner's decision, and finds that the ALJ provided specific and legitimate reasons supported by substantial evidence in the record, to give little weight to the opinion of Dr. Devoe.

III. <u>Opinion of Treating Mental Health Professional Alana Kaufman</u>

Plaintiff argues further that the ALJ improperly rejected the opinion of her treating mental health professional, Alana Kaufman. Pl.'s Br. 8-9. The ALJ may expressly discount testimony from other sources opinions, such as a treating mental health professional, if the ALJ

provides a germane reason for rejecting such opinion. *Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012); *see also Turner*, 613 F.3d at 1224.

Ms. Kaufman provided a report opining that plaintiff would not be able to maintain concentration and a competitive pace for more than four hours in an eight-hour workday. Tr. 29-30, 1090-1091. Ms. Kaufman further opined that plaintiff would miss two or more days of work a month, and in the absence of alcohol abuse, her mental health problem would remain severe and would more than likely prevent her from sustaining regular full time employment for eight hours a day, forty hours per week. *Id.* Further, Ms. Kaufman stated that plaintiff had been observed to experience severe anxiety and depression during periods of sobriety that would impair her ability to work or maintain employment. *Id.*

The ALJ found that plaintiff's daily activities contradicted Ms. Kaufman's opinion, where plaintiff attended group meetings regularly, worked full-time for a period of time, and performed community service for pay while maintaining regular attendance during such obligations. Tr. 32, 53-55. The ALJ also found that Ms. Kaufman's opinion was conclusory and unsupported by medical findings or conclusions to support it, where she relied quite heavily on the subjective report of symptoms and limitations provided by the claimant. Tr. 30, 1090-1091. Moreover, the ALJ noted that plaintiff was heavily and almost constantly using alcohol during the period she was seeing Ms. Kaufman. *Id.*

Here, the record reveals that ALJ gave several germane reasons to afford Ms. Kaufman's opinion little weight in plaintiff's disability analysis. Tr. 27-28, 29-30. As the ALJ noted, plaintiff regularly attended group meetings, worked full-time and participated in community service for pay while maintaining regular attendance at such obligations, all of which contradict Ms. Kaufman's opinion. Tr. 27-31, 53-54, 57. Moreover, as the ALJ noted, Ms. Kaufman's

opinion relied heavily on the subjective report of symptoms and limitations provided by plaintiff, rendering Ms. Kaufman's opinion conclusory and unsupported by medical findings. Tr. 30, 1090-1091.

Accordingly, I find the ALJ gave several germane reasons to discount and give little weight to the opinion of Ms. Kaufman.

In sum, because the ALJ provided legally sufficient reasons for rejecting plaintiff's allegations, which are supported by substantial evidence in the record, plaintiff does not establish disability. Thus, plaintiff's request for this Court to reverse and remand for award of benefits is inappropriate.

CONCLUSION

The ALJ's decision is based on proper legal standards and supported by substantial evidence in the record. Accordingly, the Commissioner's final decision is AFFIRMED and this case is DISMISSED.

IT IS SO ORDERED.

DATED this 13th day of March, 2016.

Ann Aiken
United States District Judge